Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

MacDonald & Bostwick, for appellants.
Goldfogle, Cohn & Lind, for respondent.

PER CURIAM. The point now taken that the words "Miles Bros.," employed as the signature to the agreement of guaranty in suit, were not shown to have indicated these defendants, was not suggested at the trial, and is inconsistent with what was quite obviously assumed at that time for the purposes of the presentation of the case to the justice by counsel for both sides. As a matter of fact, the evidence does inferentially identify the parties with the execution of the paper; but, if the appellants were not satisfied with the prima facie case upon this ground, they cannot now assert the technical informality for the first time. So, too, of the contention that one partner may not bind the other to a guaranty. These partners appeared by the same attorney, and in no way was the question raised that a judgment for the plaintiff might not properly be rendered against both. For the purposes of this appeal we deem this possible question of agency to have been eliminated from the case by consent.

Judgment affirmed, with costs.

---

### KIELEY v. REINHARDT.

(Supreme Court, Appellate Term. March 5, 1908.)

APPEAL—DECISIONS REVIEWABLE—"DEFAULT JUDGMENT."

    A judgment by default is equivalent to a judgment on confession, and no appeal lies therefrom.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 885–891.

    For other definitions, see Words and Phrases, vol. 4, pp. 3842–3844; vol. 8, p. 7697.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Timothy J. Kieley against Louis Reinhardt. Judgment for plaintiff, and defendant appeals. Dismissed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Arnstein & Levy, for appellant.
Hardy & Shellabarger, for respondent.

MacLEAN, J. This is an appeal from a judgment taken by default. But a judgment by default is equivalent to a judgment on confession, and therefrom lies no appeal. Adams v. Oaks, 20 Johns. 282.

Appeal from judgment dismissed, with $10 costs. All concur.